## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

JASON BAILEY,             )
        Plaintiff,         )
             )
    v.             )    CAUSE NO.: 3:25-CV-69-JVB-JEM
             )
INDIANA STATE PRISON, CAVENAIL,  )
and LAKESIDE          )
        Defendants.    )

## OPINION AND ORDER

Jason Bailey, a prisoner without a lawyer, filed a complaint naming three defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Two of the defendants named by Bailey are not suable. The Indiana State Prison and ISO Lakeside are not persons for the purposes of 42 U.S.C. § 1983. *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (a state agency is not a person that can be sued under section 1983) *citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). They will be dismissed.

The complaint raises three claims, but they are unrelated. (ECF 1). The complaint alleges Bailey was subjected to excessive force by Lt. Cavenail at ISO Lakeside. It alleges his property was taken and destroyed, but it does not say who did this. It alleges he was housed under harsh conditions at Indiana State Prison, but it does not say by whom. "[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

When a plaintiff files a complaint with unrelated or mis-joined claims, the Court can "solve the problem by [picking a claim and] dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Here, because only the first claim identifies a defendant, the Court will pick that claim and dismiss the other two without prejudice. If Bailey can identify a proper defendant for those claims and wants to pursue them, he needs to file separate lawsuits.

Bailey alleges Lt. Cavenail used excessive force against him on October 10, 2024, at ISO Lakeside. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Bailey alleges Lt. Cavenail slammed him on his shoulder, beat him while handcuffed, and elbowed him in the head. It is unclear if this was done in a good-faith effort to maintain or restore discipline, but as alleged, this allegation states a claim.

For these reasons, the Court:

(1) **GRANTS** Jason Bailey leave to proceed against Lt. Cavenail in his individual capacity for compensatory and punitive damages for slamming his shoulder, beating him while handcuffed, and elbowing him in the head at ISO Lakeside on October 10, 2024, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims **WITHOUT PREJUDICE**;

(3) **DISMISSES** Indiana State Prison and Lakeside;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate

and serve process on) Lt. Cavenail at the Indiana Department of Correction, with a copy

of this order and the complaint (ECF 1);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth,

and last known home address of any defendant who does not waive service if it has

such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Lt. Cavenail to respond, as provided for in

the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for

which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 21, 2025.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

3